**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

THOMAS SOULE,                                    )
                    Plaintiff,                   )
                                                 )
        v.                                       )        No. _____
                                                 )
UNITED STATES DEPARTMENT OF JUSTICE,             )
                    Defendant.                   )

**COMPLAINT**

Thomas Soule, by counsel, respectfully seeks relief from the failure of the United States Department of Justice ("DOJ") to comply with his request under the Freedom of Information Act 5 U.S.C. §551 *et seq*. ("the FOIA"), for these reasons:

**PARTIES, JURISDICTION AND VENUE**

1.      Thomas Soule resides in Palatine, Illinois.

2.      Mr. Soule is employed by the law firm of Ruberry Stalmack & Garvey LLC, which keeps its office in Chicago, Illinois.

3.      Mr. Soule made his request under the FOIA as a part of his work for Ruberry Stalmack & Garvey LLC, and specifically as counsel to the plaintiffs in a case entitled *Itasca Golf Investors LLC et al v. Seames et al*, No. 2021 L 960 (Ill. 18th Jud. Cir. Ct. (DuPage Co.)).

4.      The United States Department of Justice is an agency (as that term is defined by 5 U.S.C. §551(1)) of the Federal Government that is subject to the FOIA.

5.      The DOJ, among other things, operates the Offices of United States Attorneys across the nation, including the Office of the United States Attorney for the Northern District of Illinois, which keeps its office at 219 South Dearborn Street, Fifth Floor, Chicago, Illinois.

6.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, and also under 5 U.S.C. §552(a)(4)(B), which provides that,

1

[on] complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action….

7.    This Court is a proper venue for this litigation, pursuant to 5 U.S.C. §552(a)(4)(B), *supra*.

**FACTS**

8.    On November 24, 2021, the Office of the United States Attorney for the Northern District of Illinois wrote to the Mayor of Itasca, Illinois, Jeff Pruyn, and his counsel.  In that letter, written by Patrick Johnson (an Assistant U.S. Attorney and the deputy chief of the office's Civil Division), Mr. Pruyn was "[informed] that the U.S. Attorney's Office for the Northern District of Illinois has initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990," in relation to a zoning application made by Haymarket DuPage LLC, which wanted to open and operate a treatment center in Itasca. (Exhibit A.)

9.    On November 13, 2023, Mr. Soule submitted a FOIA request to the Executive Office of United States Attorneys ("EOUSA"), electronically.  This request was assigned a file number – "Request No. EOUSA-2024-000356."  (*See* Exhibit B.)

10.    In his request, Mr. Soule sought documents from the EOUSA, as follows:

Please produce all documents relating to a proposal by Haymarket DuPage LLC to open and operate a treatment center at 860 West Irving Park Road, Itasca, Illinois (within the Northern District of Illinois), including but not limited to

(1) all documents relating to the Department of Justice's investigation of the Village of Itasca, Illinois regarding the denial of a zoning application to Haymarket DuPage for the proposed treatment center (as announced by the U.S. Attorney for the Northern District of Illinois on November 24, 2021 in the attached letter); and

(2) all documents relating to the investigation of claims that the Village of Itasca violated any federal or state laws or regulations (including but not limited to the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), the Fair Housing Act (42 U.S.C. §3601 et seq.), the Rehabilitation Act (29 U.S.C. §701 et seq.), and any implementing regulations); and

(3) all documents relating to any further investigation of individuals or entities involved in efforts to prevent either (a) Haymarket DuPage's acquisition of 860 West Irving Park Road, Itasca, Illinois, or (b) the approval of Haymarket DuPage's zoning application for a treatment center at that location; and

(4) all documents relating to any investigation into the involvement of either (a) Mark Seames (661 Country Club Drive, Itasca, Illinois) or (b) Martin Jones (623 Country Club Drive, Itasca, Illinois) in the matter of the proposed treatment center as to any potential violations of federal or state laws or regulations committed by either or both of them.

11.    On December 1, 2023, the EOUSA responded to Mr. Soule's FOIA request by stating that "a search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject." (Exhibit C.)

12.    On December 8, 2023, Mr. Soule wrote to Bobak Talebian, the director of the DOJ's Office of Information Policy, in order to lodge an administrative appeal of the denial of his FOIA request. (Exhibit D.) He also submitted his appeal electronically. This appeal was assigned a file number – "Appeal No. A-2024-00452." (See Exhibit E.)

13.    As of the filing of this complaint, the appeal is still listed as being "in progress" on the "FOIA STAR" website maintained by the DOJ's Office of Information Policy. (Exhibit F.)

14. On March 8, 2024, Mr. Soule wrote to Mr. Talebian, saying the following:

> On December 8, 2023, I lodged an administrative appeal as to a Freedom of Information Act request that I submitted to the Executive Office for U.S. Attorneys on November 13, 2023 (Request No. EOUSA- 2024-000356 // Appeal No. A-2024-00452). The letter I submitted with the appeal – both by mail and by electronic submission through the FOIA STAR program – is attached for your reference.
>
> According to official guidance from the Office of Information Policy, "[absent] 'unusual circumstances,' the FOIA provides that agencies should make a determination with respect to an appeal within twenty working-days of its receipt by the agency. 5 U.S.C. §552(a)(6)(A)(ii)." As of today, the appeal that I lodged has been pending for 91 calendar days (or for 61 business days, excluding the four holidays that have occurred between then and now).
>
> Please write to me immediately to explain the delay, and to advise as to when a decision on my appeal would be issued.

(Exhibit G.)

15. As of the filing of this complaint, neither Mr. Talebian, nor anyone else from his office, nor the DOJ generally, has responded to Mr. Soule's March 8, 2024 letter.

**COUNT ONE – VIOLATION OF THE FOIA**

16. Paragraphs 1 through 15 are incorporated herein, by this reference.

17. As noted in Mr. Soule's March 8, 2024 letter (Exhibit G), 5 U.S.C. §552(a)(6)(A)(ii) specifically provides that

> [each] agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall… make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

18. The Office of Information Policy did not make a request to Mr. Soule for information or clarification as to his request, such that the twenty-day period would be tolled under the provisions of 5 U.S.C. §552(a)(6)(A)(ii).

19.     Under 5 U.S.C. §552(a)(6)(C), "[any] person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

20.     Given the date of the appeal by Mr. Soule (December 8, 2023), the twenty-day period, during which the DOJ had to make a determination on his appeal, has expired. As such, he has exhausted his administrative remedies, and therefore may seek relief from this Court.

21.     Mr. Soule sincerely believes that the DOJ, and its offices, possess information responsive to his FOIA request, in that the November 24, 2021 letter from the Office of the U.S. Attorney for the Northern District of Illinois (Exhibit A) demanded the production of documents from the Village of Itasca. As noted in Mr. Soule's letter of December 8, 2023 (Exhibit D), "Mr. Johnson's letter… demanded the production of twenty-two categories of documents in the Village's possession, relating to the application of Haymarket DuPage for a special use permit or a planned development permit, within 30 days of the letter. Presuming for current purposes that the Village of Itasca complied with this request and produced documents, the U.S. Attorney's Office for the Northern District of Illinois possesses documents that are responsive to my FOIA request."

22.     Mr. Soule's request, and his appeal, were both submitted to the DOJ through procedures that it established for handling FOIA requests and appeals.

23.     Mr. Soule's FOIA request reasonably describes the records to be produced, such that the DOJ and its employees can locate the requested records with reasonable effort.

24.     Mr. Soule is therefore entitled to a production of agency records from the DOJ, which has been improperly withheld.

25.     Under 5 U.S.C. §552(a)(4)(B), Mr. Soule is entitled to a *de novo* review by this Court of the matters discussed herein, and ultimately to a judgment in his favor.

26.     Under 5 U.S.C. §552(a)(4)(B), Mr. Soule is entitled to "reasonable attorney fees and other litigation costs reasonably incurred," if he substantially prevails.

WHEREFORE, Thomas Soule respectfully requests judgment in his favor and against the United States Department of Justice, and specifically seeks an order (A) directing the DOJ to produce documents responsive to Mr. Soule's FOIA request forthwith, (B) directing the DOJ to pay Mr. Soule's reasonable attorney's fees and litigation costs, and (C) providing for any other proper relief.

Respectfully submitted,

/s/ Edward F. Ruberry
Edward F. Ruberry

Edward F. Ruberry
Ruberry Stalmack & Garvey LLC
300 South Wacker Drive, Suite 3250
Chicago, Illinois 60606
(312) 466-8050
ed.ruberry@ruberry-law.com



**U.S. Department of Justice**

EXHIBIT A

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Patrick W. Johnson | Dirksen Federal Courthouse | Phone (312) 353-5327 |
| Assistant United States Attorney | 219 South Dearborn Street, Fifth Floor | |
| Deputy Chief, Civil Division | Chicago, Illinois 60604 | |

November 24, 2021

*By Electronic, Regular, and Certified Mail*

Jeff Pruyn
Itasca Village Mayor
550 West Irving Park Rd.
Itasca, Illinois  60143
mayor@itasca.com

Charles E. Hervas
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois  60143

      Re:    Investigation of Compliance with the Americans with Disabilities Act by the
                  Village of Itasca, Illinois

Messrs. Pruyn and Hervas:

      We are writing to inform you that the U.S. Attorney's Office for the Northern District of Illinois has initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990 ("ADA").[1]  Among other things, the ADA prohibits discrimination against individuals with disabilities, including individuals with substance use disorder.

      Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders.  Specifically, Haymarket DuPage's application was considered in Plan Commission Case No. PC 19-014, which sought approval for a planned development by special use in order to permit a mixed-use residential and healthcare facility and other accessory uses in the B-2 Community Business District at 860 W. Irving Park Road.  The Itasca Plan Commission recommended on September 22, 2021 that the Haymarket DuPage application be denied, and the Itasca Village Board denied the application on November 2, 2021.

---

      [1] *See* 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35.  The text of the ADA, the Department of Justice's regulations, and many technical assistance publications can also be accessed at www.ADA.gov.

Messrs. Pruyn and Hervas
November 24, 2021
Page 2

We ask that you provide the following information within thirty (30) calendar days of the date of this letter. If any of the information requested is not available in writing, please provide corresponding documents, written policies, or other written material that addresses the substance of the information requested. This request falls within DOJ's federal law enforcement authority. Such authority creates exceptions to statutes that may otherwise limit disclosure of private information.

**Information Requested**

1. The name, address, and telephone number of the individual to whom this office should direct any future questions and correspondence. Please indicate if this person has authority to negotiate a settlement of this matter.

2. Other than the Village's current Zoning Map and Bylaws, produce any previous zoning maps and bylaws in effect since 2016.

3. Any lists or other documents that contain the address and/or location of any business or organization in the Village that provides diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders.

4. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders since 2005. For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

5. State whether the Village has had any pre-application meetings or inquiries since 2005 (that did not result in an application) about using land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders. If so, identify when, where, and with whom those meetings occurred, and describe the type of facility being discussed and the outcome of those discussions.

6. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village by or concerning any Healthcare Facility as defined under the Itasca Zoning Ordinance since 2005. For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

7. Identify Village policies or procedures for requesting a reasonable accommodation to the Village's Zoning Ordinance pursuant to the federal Fair Housing Act or the Americans with Disabilities Act, and produce all documents that contain or are sufficient to show these policies or procedures.

Messrs. Pruyn and Hervas
November 24, 2021
Page 3

8. All communications[2] and documentation related to the Village's 2019 decision to classify Haymarket DuPage as a planned development for purposes of zoning proceedings rather than a healthcare facility.

9. All communications related to Haymarket DuPage between the Village of Itasca, its employees, representatives, or counsel (collectively, the "Village")[3] and either of the following two interested parties in the Haymarket DuPage Plan Commission hearing: (1) Itasca Fire Protection District, including its employees, representatives, or counsel (collectively, the "Fire Department"); or (2) Itasca School District No. 10, its employees, representatives, or counsel (collectively, "School District"). Responsive documents or communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

10. State whether there were any meetings or verbal communications related to Haymarket DuPage between the Village and either of the two interested parties listed in item 9 above that occurred outside of the hearing process and outside the presence of Haymarket DuPage. If so, for each such meeting or communication, provide the date and location, identify the participants, and produce any recordings, documents, or notes.

11. All internal communications of the Village and documentation created by the Village related to Haymarket DuPage.

12. All communications and documentation related to Haymarket DuPage between the Village and Sarah Ketchum, including both consulting firms she worked for (The Kenrich Group LLC, which has been acquired by HKA Global, Inc.), or their counsel. Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

13. All communications and documentation between the Village and Lissa Druss, directly or through counsel, related to Haymarket DuPage. Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

14. All communications and documentation between the Village and North DuPage Special Education Cooperative representatives or counsel related to Haymarket DuPage.

15. All communications and documentation between the Village and Lake Park High School District 108 representatives or counsel related to Haymarket DuPage.

16. All communications and documentation between the Village and Superior Ambulance Service representatives or counsel related to Haymarket DuPage.

---

[2] "Communications" in the requests in this letter means correspondence, notes, records, letters, memoranda, reports, emails (both work and personal), and texts (both work and personal), instant messages, posts on messaging apps, and other documents (including transcriptions, logs, and audio and video recordings).

[3] "Employees" and "representatives" used throughout this letter shall include both current and former employees/representatives. "Representatives" includes any staff or experts hired or retained in connection with the Haymarket DuPage zoning hearing before the Plan Commission.

17. State whether the Village has ever hired an expert to evaluate the economic impact of an application for a special use permit or a planned development since 2005. If so, produce all communications and documentation relating to any such expert and the work performed by the expert.

18. All communications and documentation relating to any application for a special use permit to operate a business, service, or organization that is nonprofit and exempt from paying property taxes, including but not limited to (1) American Academy of Pediatrics; (2) Gift of Hope Organ and Tissue; and (3) National Safety Council.

19. Identify all applications for a special use permit or a planned development since 2005 in which the Village requested that the applicant submit an economic impact statement as part of the application process. For each such application, produce all communications and documentation relating to the economic impact statement.

20. Identify all applications for a special use permit or a planned development since 2005 where the Fire Department participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the Fire Department's participation.

21. All documentation and information provided by the Fire Department to the Illinois State Fire Marshal related to mutual aid given to or received from other communities for the years 2014 to the present. State whether the Village ever asked for this information in connection with the Haymarket DuPage hearing.

22. Identify all applications for a special use permit or a planned development since 2005 where the School District participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the School District's participation.


We have attempted to limit the areas of inquiry to expedite the initial phase of this investigation, and we are willing to work with you to minimize any burdens that would be imposed upon you or your staff in providing this information.

In addition to providing us with the requested information, we invite you to provide us with any other information that you believe is relevant to our inquiry. We may want to interview certain Village employees, agents, or officials as well. We will let you know as soon as possible of any need to interview such persons.

Finally, we request that the Village maintain any and all records, documents, files, or tapes that could be relevant to this investigation in their current form. To the extent that such records are contained in a computer system, computer files should not be altered or destroyed pending completion of our investigation.

Messrs. Pruyn and Hervas
November 24, 2021
Page 5

   If you have any questions, please do not hesitate to contact me at (312) 353-5327 or patrick.johnson2@usdoj.gov.

       Very truly yours,

      JOHN R. LAUSCH, Jr.
      United States Attorney

     By: s/ Patrick W. Johnson
      PATRICK W. JOHNSON
      Assistant United States Attorney

EXHIBIT B

Request - EOUSA-2024-000356      ✉ Inbox (0) ◁ Compose Message ♛ Sent Messages ← Back

**Requester Details**

To modify request details please update your requester profile or contact the our office for assistance.

**Thomas Soule**
Ruberry Stalmack & Garvey LLC
330 South Wacker Drive Suite 3250
Chicago, IL 60606
Phone (312) 466-7217
tom.soule@ruberry-law.com

Requester Default Category: Law Office

**Request Details**

| | |
|---|---|
| Date Requested | 11/13/2023 |
| Status | Closed |

**General Information**

| | |
|---|---|
| Action Office | EOUSA |
| Request Type | FOIA |
| Delivery Mode | E-mail |

**Request Information**

| | | | |
|---|---|---|---|
| Date Range for Record Search: From(mm/dd/yyyy) | 11/01/2021 | To (mm/dd/yyyy) | 11/13/2023 |

Description of Records Sought

Please produce all documents relating to a proposal by Haymarket DuPage LLC to open and operate a treatment center at 860 West Irving Park Road, Itasca, Illinois (within the Northern District of Illinois), including but not limited

Supporting Documents    🔗 Add Attachment

**Fee Information**

| | |
|---|---|
| Willing Amount ($) | 25.00 |
| Fee Waiver Requested | ☐ 🔗 Add Attachment |
| Fee Waiver Request Reason | |

**Cost Details :**

| | |
|---|---|
| Total Cost | $0.00 |
| Cost Incurred | $0.00 |
| Amount Paid | $0.00 |
| Balance Amount | $0.00 |
| Payment Status | No Charges |
| Willing to Pay All Fees | ☑ |

**Expedite Information**

| | |
|---|---|
| Expedite Requested | ☐ 🔗 Add Attachment |
| Expedite Reason | |

PRIVACY POLICY



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

Suite 5.400, 3CON Building
175N Street, NE
Washington, DC 20530

(202) 252-6020

# EXHIBIT C

December 1, 2023

**VIA E-mail**

Thomas Soule
Ruberry Stalmack & Garvey LLC
330 South Wacker Drive Suite 3250
Chicago, IL 60606
tom.soule@ruberry-law.com

> Request Number: EOUSA-2024-000356
> Date of Receipt: November 13, 2023
> Subject of Request: Ithaca Village/USAO-ILN

Dear Thomas Soule:

In response to your Freedom of Information Act and/or Privacy Act request, the following checked paragraph(s) apply:

1. ☐ A search for records located in EOUSA has revealed no responsive records regarding the above subject.

2. **x** A search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject.

3. ☐ After an extensive search, the records which you have requested cannot be located.

4. ☐ Records that might have been responsive to your request were destroyed pursuant to the agency's record retention and disposition schedules approved by the National Archives and Records Administration.

5. ☐ Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90

days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director



**RUBERRY**

RUBERRY STALMACK & GARVEY, LLC

300 South Wacker Drive, Suite 3250
Chicago, Illinois 60606
Main (312) 466-8050 | Fax (312) 466-8055
www.ruberry-law.com

TOM SOULE
Junior Partner
Direct (312) 466-7217
tom.soule@ruberry-law.com

December 8, 2023

# EXHIBIT D

*Via electronic submission and certified mail*

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G Street NW, 6th Floor
Washington DC 20530

  **Re:**  *Freedom of Information Act Appeal (Request No. EOUSA-2024-000356)*

Dear Mr. Talebian:

   I am writing to lodge an administrative appeal as to a Freedom of Information Act request that I submitted to the Executive Office for U.S. Attorneys on November 13, 2023 (Request No. EOUSA-2024-000356). In that request, I asked for the production of

    all documents relating to a proposal by Haymarket DuPage LLC to open and operate a treatment center at 860 West Irving Park Road, Itasca, Illinois (within the Northern District of Illinois), including but not limited to (1) all documents relating to the Department of Justice's investigation of the Village of Itasca, Illinois regarding the denial of a zoning application to Haymarket DuPage for the proposed treatment center (as announced by the U.S. Attorney for the Northern District of Illinois on November 24, 2021 in the attached letter); and (2) all documents relating to the investigation of claims that the Village of Itasca violated any federal or state laws or regulations (including but not limited to the Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*), the Fair Housing Act (42 U.S.C. §3601 *et seq.*), the Rehabilitation Act (29 U.S.C. §701 *et seq.*), and any implementing regulations); and (3) all documents relating to any further investigation of individuals or entities involved in efforts to prevent either (a) Haymarket DuPage's acquisition of 860 West Irving Park Road, Itasca, Illinois, or (b) the approval of Haymarket DuPage's zoning application for a treatment center at that location; and (4) all documents relating to any investigation into the involvement of either (a) Mark Seames (661 Country Club Drive, Itasca, Illinois) or (b) Martin Jones (623 Country Club Drive, Itasca, Illinois) in the matter of the proposed treatment center as to any potential violations of federal or state laws or regulations committed by either or both of them.

   On December 1, 2023, Kevin Krebs of the EOUSA's staff wrote to me, in the attached letter, to say that "[a] search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject." I respectfully submit that the EOUSA is incorrect.

Bobak Talebian
December 8, 2023
Page 2

As you can see from the attached letter from AUSA Patrick Johnson to Jeff Pruyn, the Mayor of Itasca, dated November 24, 2021, the U.S. Attorney for the Northern District of Illinois

> initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990… Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders.

Mr. Johnson's letter then demanded the production of twenty-two categories of documents in the Village's possession, relating to the application of Haymarket DuPage for a special use permit or a planned development permit, within 30 days of the letter.

Presuming for current purposes that the Village of Itasca complied with this request and produced documents, the U.S. Attorney's Office for the Northern District of Illinois possesses documents that are responsive to my FOIA request. Such documents should be produced, under FOIA, without further unnecessary delay.

The FOIA liaisons for the EOUSA and the Civil Division, as well as Mr. Johnson, are being copied on this letter to bring this matter to their attention, and so that they may provide assistance to me, and you, regarding this appeal.

Please do not hesitate to have your office contact me if you have any questions or concerns. Thank you very much.

Very truly yours,

Thomas E. Soule

Enclosures

CC:   Kenneth Hendricks – FOIA & Privacy Office Chief, Civil Division
          (by e-mail to civil.routing.FOIA@usdoj.gov)

Arla Witte-Simpson – FOIA Public Liaison, Executive Office for U.S. Attorneys
          (by mail to 175 N Street NE, Suite 5.400, Washington, DC 20530)

Patrick Johnson – Assistant U.S. Attorney, Northern District of Illinois
          (by e-mail to patrick.johnson2@usdoj.gov)



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

December 1, 2023

**VIA E-mail**

Thomas Soule
Ruberry Stalmack & Garvey LLC
330 South Wacker Drive Suite 3250
Chicago, IL 60606
tom.soule@ruberry-law.com

|  |  |
|---|---|
| Request Number: | EOUSA-2024-000356 |
| Date of Receipt: | November 13, 2023 |
| Subject of Request: | Ithaca Village/USAO-ILN |

Dear Thomas Soule:

In response to your Freedom of Information Act and/or Privacy Act request, the following checked paragraph(s) apply:

1. ☐ A search for records located in EOUSA has revealed no responsive records regarding the above subject.

2. ☒ A search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject.

3. ☐ After an extensive search, the records which you have requested cannot be located.

4. ☐ Records that might have been responsive to your request were destroyed pursuant to the agency's record retention and disposition schedules approved by the National Archives and Records Administration.

5. ☐ Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90

days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Patrick W. Johnson | Dirksen Federal Courthouse | Phone (312) 353-5327 |
| Assistant United States Attorney | 219 South Dearborn Street, Fifth Floor | |
| Deputy Chief, Civil Division | Chicago, Illinois 60604 | |

November 24, 2021

*By Electronic, Regular, and Certified Mail*

Jeff Pruyn
Itasca Village Mayor
550 West Irving Park Rd.
Itasca, Illinois 60143
mayor@itasca.com

Charles E. Hervas
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143
██████████████

> Re:  Investigation of Compliance with the Americans with Disabilities Act by the
> Village of Itasca, Illinois

Messrs. Pruyn and Hervas:

We are writing to inform you that the U.S. Attorney's Office for the Northern District of Illinois has initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990 ("ADA").[1]  Among other things, the ADA prohibits discrimination against individuals with disabilities, including individuals with substance use disorder.

Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders.  Specifically, Haymarket DuPage's application was considered in Plan Commission Case No. PC 19-014, which sought approval for a planned development by special use in order to permit a mixed-use residential and healthcare facility and other accessory uses in the B-2 Community Business District at 860 W. Irving Park Road.  The Itasca Plan Commission recommended on September 22, 2021 that the Haymarket DuPage application be denied, and the Itasca Village Board denied the application on November 2, 2021.

---

[1] *See* 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35.  The text of the ADA, the Department of Justice's regulations, and many technical assistance publications can also be accessed at www.ADA.gov.

Messrs. Pruyn and Hervas
November 24, 2021
Page 2

We ask that you provide the following information within thirty (30) calendar days of the date of this letter.  If any of the information requested is not available in writing, please provide corresponding documents, written policies, or other written material that addresses the substance of the information requested.  This request falls within DOJ's federal law enforcement authority.  Such authority creates exceptions to statutes that may otherwise limit disclosure of private information.

### Information Requested

1. The name, address, and telephone number of the individual to whom this office should direct any future questions and correspondence.  Please indicate if this person has authority to negotiate a settlement of this matter.

2. Other than the Village's current Zoning Map and Bylaws, produce any previous zoning maps and bylaws in effect since 2016.

3. Any lists or other documents that contain the address and/or location of any business or organization in the Village that provides diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders.

4. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders since 2005.  For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

5. State whether the Village has had any pre-application meetings or inquiries since 2005 (that did not result in an application) about using land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders.  If so, identify when, where, and with whom those meetings occurred, and describe the type of facility being discussed and the outcome of those discussions.

6. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village by or concerning any Healthcare Facility as defined under the Itasca Zoning Ordinance since 2005.  For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

7. Identify Village policies or procedures for requesting a reasonable accommodation to the Village's Zoning Ordinance pursuant to the federal Fair Housing Act or the Americans with Disabilities Act, and produce all documents that contain or are sufficient to show these policies or procedures.

Messrs. Pruyn and Hervas
November 24, 2021
Page 3

8. All communications[2] and documentation related to the Village's 2019 decision to classify Haymarket DuPage as a planned development for purposes of zoning proceedings rather than a healthcare facility.

9. All communications related to Haymarket DuPage between the Village of Itasca, its employees, representatives, or counsel (collectively, the "Village")[3] and either of the following two interested parties in the Haymarket DuPage Plan Commission hearing: (1) Itasca Fire Protection District, including its employees, representatives, or counsel (collectively, the "Fire Department"); or (2) Itasca School District No. 10, its employees, representatives, or counsel (collectively, "School District"). Responsive documents or communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

10. State whether there were any meetings or verbal communications related to Haymarket DuPage between the Village and either of the two interested parties listed in item 9 above that occurred outside of the hearing process and outside the presence of Haymarket DuPage. If so, for each such meeting or communication, provide the date and location, identify the participants, and produce any recordings, documents, or notes.

11. All internal communications of the Village and documentation created by the Village related to Haymarket DuPage.

12. All communications and documentation related to Haymarket DuPage between the Village and Sarah Ketchum, including both consulting firms she worked for (The Kenrich Group LLC, which has been acquired by HKA Global, Inc.), or their counsel. Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

13. All communications and documentation between the Village and Lissa Druss, directly or through counsel, related to Haymarket DuPage. Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

14. All communications and documentation between the Village and North DuPage Special Education Cooperative representatives or counsel related to Haymarket DuPage.

15. All communications and documentation between the Village and Lake Park High School District 108 representatives or counsel related to Haymarket DuPage.

16. All communications and documentation between the Village and Superior Ambulance Service representatives or counsel related to Haymarket DuPage.

---

[2] "Communications" in the requests in this letter means correspondence, notes, records, letters, memoranda, reports, emails (both work and personal), and texts (both work and personal), instant messages, posts on messaging apps, and other documents (including transcriptions, logs, and audio and video recordings).

[3] "Employees" and "representatives" used throughout this letter shall include both current and former employees/representatives. "Representatives" includes any staff or experts hired or retained in connection with the Haymarket DuPage zoning hearing before the Plan Commission.

Messrs. Pruyn and Hervas
November 24, 2021
Page 4

17. State whether the Village has ever hired an expert to evaluate the economic impact of an application for a special use permit or a planned development since 2005. If so, produce all communications and documentation relating to any such expert and the work performed by the expert.

18. All communications and documentation relating to any application for a special use permit to operate a business, service, or organization that is nonprofit and exempt from paying property taxes, including but not limited to (1) American Academy of Pediatrics; (2) Gift of Hope Organ and Tissue; and (3) National Safety Council.

19. Identify all applications for a special use permit or a planned development since 2005 in which the Village requested that the applicant submit an economic impact statement as part of the application process. For each such application, produce all communications and documentation relating to the economic impact statement.

20. Identify all applications for a special use permit or a planned development since 2005 where the Fire Department participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the Fire Department's participation.

21. All documentation and information provided by the Fire Department to the Illinois State Fire Marshal related to mutual aid given to or received from other communities for the years 2014 to the present. State whether the Village ever asked for this information in connection with the Haymarket DuPage hearing.

22. Identify all applications for a special use permit or a planned development since 2005 where the School District participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the School District's participation.


We have attempted to limit the areas of inquiry to expedite the initial phase of this investigation, and we are willing to work with you to minimize any burdens that would be imposed upon you or your staff in providing this information.

In addition to providing us with the requested information, we invite you to provide us with any other information that you believe is relevant to our inquiry. We may want to interview certain Village employees, agents, or officials as well. We will let you know as soon as possible of any need to interview such persons.

Finally, we request that the Village maintain any and all records, documents, files, or tapes that could be relevant to this investigation in their current form. To the extent that such records are contained in a computer system, computer files should not be altered or destroyed pending completion of our investigation.

Messrs. Pruyn and Hervas
November 24, 2021
Page 5


   If you have any questions, please do not hesitate to contact me at (312) 353-5327 or patrick.johnson2@usdoj.gov.


        Very truly yours,

        JOHN R. LAUSCH, Jr.
        United States Attorney

       By: s/ Patrick W. Johnson
        PATRICK W. JOHNSON
        Assistant United States Attorney

Status: Submitted ^

| HOME | TRACKING INBOX |
|------|----------------|

Tracking Inbox • Appeal

Assignment: eFiler

**A-2024-00452**

Requester: Soule, Thomas

# EXHIBIT E

⌄ Workflow

**Appeal**

## Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 12/08/2023 | Agency | OIP |
| | | Document Delivery Method | Email |

## Request Information ⌄

| | |
|---|---|
| Request Number | EOUSA-2024-000356 |
| Component | EOUSA |
| Subject of Request | All documents relating to a proposal by Haymarket DuPage LLC to open and operate a treatment center at 860 West Irving Park Road, Itasca, Illinois (within the Northern District of Illinois), including but not limited to (1) all documents relating to the Department of Justice's investigation of the Village of Itasca, Illinois regarding the denial of a zoning application to Haymarket DuPage for the proposed treatment center (as announced by the U.S. Attorney for the Northern District of Illinois on November 24, 2021 in the attached letter); and (2) all documents relating to the investigation of claims that the Village of Itasca violated any federal or state laws or regulations (including but not limited to the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), the Fair Housing Act (42 U.S.C. §3601 et seq.), the Rehabilitation Act (29 U.S.C. §701 et seq.), and any implementing regulations); and (3) all documents relating to any further investigation of individuals or entities involved in efforts to prevent either (a) Haymarket DuPage's acquisition of 860 West Irving Park Road, Itasca, Illinois, or (b) the approval of Haymarket DuPage's zoning application for a treatment center at that location; and (4) all documents relating to any investigation into the involvement of either (a) Mark Seames (661 Country Club Drive, Itasca, Illinois) or (b) Martin Jones (623 Country Club Drive, Itasca, Illinois) in the matter of the proposed treatment center as to any potential violations of federal or state laws or regulations committed by either or both of them. |

## Basis for Appeal ⌄

| | |
|---|---|
| Description of Appeal | As fully explained in the attached letter and documentation, on December 1, 2023, Kevin Krebs of the EOUSA's staff wrote to me to say that "[a] search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject." I respectfully submit that the EOUSA is incorrect.<br><br>In brief, the Office of the U.S. Attorney for the Northern District of Illinois wrote a letter to the Village of Itasca, Illinois stating that the office had "initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990... Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders." This was coupled with a request for documents from the Village of Itasca. If the Village of Itasca produced documents pursuant to the U.S. Attorney's request, then the U.S. Attorney's Office possesses documents that are responsive to the FOIA request. |
| Based on Denial of Fee Waiver | No |
| Based on Denial of Expedited Processing | No |
| Requester Item Type 1 | Supplemental Information |
| Requester Items 1 | 📎 2023 12 08 FOIA appeal letter (Request No. EOUSA-2024-000356).pdf |
| Requester Item Type 2 | |
| Requester Items 2 | |
| Requester Item Type 3 | |
| Requester Items 3 | |

## Requester Contact Information ⌄

| | | | |
|---|---|---|---|
| Salutation | | Address Type | Work |
| First Name | Thomas | Country | United States |
| Middle Name | | Address Line 1 | Ruberry Stalmack & Garvey LLC |
| Last Name | Soule | Address Line 2 | 300 South Wacker Drive, Suite 3250 |
| Email Address | tom.soule@ruberry-law.com | City | Chicago |
| Organization | Ruberry Stalmack & Garvey LLC | State | Illinois |
| Register Number | | Zip/Postal Code | 60606 |
| Phone Number | (312) 466-7217 | | |
| Fax Number | (312) 466-8055 | | |
| Other Information | | | |

## Expedited Processing Information ⌄

| | |
|---|---|
| Expedited Processing Requested? | No |

👤 My Account    ↪ Sign Out    ❓ Help      MP FOIA 2.2.7 - **tomsoule (eFiler)**

HOME     TRACKING INBOX          # EXHIBIT F

Home



**REQUESTS** ⌄

○ *My Requests*

**APPEALS** ⌄

○ *My Appeals*

**ADMINISTRATION** ⌃

**QUICK LINKS** ⌃

‹

## My Appeals

**+ New**

Show [10 ⌄] entries    Search: [_____]

| Appeal Number | Received Date | Status |
|---|---|---|
| A-2024-00452 | 12/08/2023 | In Progress |

Showing 1 to 1 of 1 entries     Previous [1] Next



# RUBERRY
RUBERRY STALMACK & GARVEY, LLC

300 South Wacker Drive, Suite 3250
Chicago, Illinois 60606
Main (312) 466-8050 | Fax (312) 466-8055
www.ruberry-law.com

TOM SOULE
Junior Partner
Direct (312) 466-7217
tom.soule@ruberry-law.com

March 8, 2024

# EXHIBIT G

*Via priority mail*

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G Street NW, 6th Floor
Washington DC 20530

> **Re:** ***Freedom of Information Act Appeal – Overdue response***
> ***(Request No. EOUSA-2024-000356 // Appeal No. A-2024-00452)***

Dear Mr. Talebian:

On December 8, 2023, I lodged an administrative appeal as to a Freedom of Information Act request that I submitted to the Executive Office for U.S. Attorneys on November 13, 2023 (Request No. EOUSA-2024-000356 // Appeal No. A-2024-00452). The letter I submitted with the appeal – both by mail and by electronic submission through the FOIA STAR program – is attached for your reference.

According to official guidance from the Office of Information Policy, "[absent] 'unusual circumstances,' the FOIA provides that agencies should make a determination with respect to an appeal within twenty working-days of its receipt by the agency. 5 U.S.C. § 552(a)(6)(A)(ii)." As of today, the appeal that I lodged has been pending for 91 calendar days (or for 61 business days, excluding the four holidays that have occurred between then and now).

Please write to me immediately to explain the delay, and to advise as to when a decision on my appeal would be issued.

Very truly yours,

Thomas E. Soule

Enclosures

CC:  Kenneth Hendricks – FOIA & Privacy Office Chief, Civil Division
           (by e-mail to civil.routing.FOIA@usdoj.gov)

     Arla Witte-Simpson – FOIA Public Liaison, Executive Office for U.S. Attorneys
           (by mail to 175 N Street NE, Suite 5.400, Washington, DC 20530)

     Patrick Johnson – Assistant U.S. Attorney, Northern District of Illinois
           (by e-mail to patrick.johnson2@usdoj.gov)



**RUBERRY**
RUBERRY STALMACK & GARVEY, LLC

300 South Wacker Drive, Suite 3250
Chicago, Illinois 60606
Main (312) 466-8050 | Fax (312) 466-8055
www.ruberry-law.com

TOM SOULE
Junior Partner
Direct (312) 466-7217
tom.soule@ruberry-law.com

December 8, 2023

*Via electronic submission and certified mail*

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G Street NW, 6th Floor
Washington DC 20530

     **Re:**     *Freedom of Information Act Appeal (Request No. EOUSA-2024-000356)*

Dear Mr. Talebian:

     I am writing to lodge an administrative appeal as to a Freedom of Information Act request that I submitted to the Executive Office for U.S. Attorneys on November 13, 2023 (Request No. EOUSA-2024-000356). In that request, I asked for the production of

> all documents relating to a proposal by Haymarket DuPage LLC to open and operate a treatment center at 860 West Irving Park Road, Itasca, Illinois (within the Northern District of Illinois), including but not limited to (1) all documents relating to the Department of Justice's investigation of the Village of Itasca, Illinois regarding the denial of a zoning application to Haymarket DuPage for the proposed treatment center (as announced by the U.S. Attorney for the Northern District of Illinois on November 24, 2021 in the attached letter); and (2) all documents relating to the investigation of claims that the Village of Itasca violated any federal or state laws or regulations (including but not limited to the Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*), the Fair Housing Act (42 U.S.C. §3601 *et seq.*), the Rehabilitation Act (29 U.S.C. §701 *et seq.*), and any implementing regulations); and (3) all documents relating to any further investigation of individuals or entities involved in efforts to prevent either (a) Haymarket DuPage's acquisition of 860 West Irving Park Road, Itasca, Illinois, or (b) the approval of Haymarket DuPage's zoning application for a treatment center at that location; and (4) all documents relating to any investigation into the involvement of either (a) Mark Seames (661 Country Club Drive, Itasca, Illinois) or (b) Martin Jones (623 Country Club Drive, Itasca, Illinois) in the matter of the proposed treatment center as to any potential violations of federal or state laws or regulations committed by either or both of them.

     On December 1, 2023, Kevin Krebs of the EOUSA's staff wrote to me, in the attached letter, to say that "[a] search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject." I respectfully submit that the EOUSA is incorrect.

Bobak Talebian
December 8, 2023
Page 2

As you can see from the attached letter from AUSA Patrick Johnson to Jeff Pruyn, the Mayor of Itasca, dated November 24, 2021, the U.S. Attorney for the Northern District of Illinois

> initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990… Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders.

Mr. Johnson's letter then demanded the production of twenty-two categories of documents in the Village's possession, relating to the application of Haymarket DuPage for a special use permit or a planned development permit, within 30 days of the letter.

Presuming for current purposes that the Village of Itasca complied with this request and produced documents, the U.S. Attorney's Office for the Northern District of Illinois possesses documents that are responsive to my FOIA request. Such documents should be produced, under FOIA, without further unnecessary delay.

The FOIA liaisons for the EOUSA and the Civil Division, as well as Mr. Johnson, are being copied on this letter to bring this matter to their attention, and so that they may provide assistance to me, and you, regarding this appeal.

Please do not hesitate to have your office contact me if you have any questions or concerns. Thank you very much.

Very truly yours,

Thomas E. Soule

Enclosures

CC: Kenneth Hendricks – FOIA & Privacy Office Chief, Civil Division
(by e-mail to civil.routing.FOIA@usdoj.gov)

Arla Witte-Simpson – FOIA Public Liaison, Executive Office for U.S. Attorneys
(by mail to 175 N Street NE, Suite 5.400, Washington, DC 20530)

Patrick Johnson – Assistant U.S. Attorney, Northern District of Illinois
(by e-mail to patrick.johnson2@usdoj.gov)



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

December 1, 2023

**VIA E-mail**

Thomas Soule
Ruberry Stalmack & Garvey LLC
330 South Wacker Drive Suite 3250
Chicago, IL 60606
tom.soule@ruberry-law.com

      Request Number:      EOUSA-2024-000356
      Date of Receipt:      November 13, 2023
      Subject of Request:      Ithaca Village/USAO-ILN

Dear Thomas Soule:

      In response to your Freedom of Information Act and/or Privacy Act request, the following checked paragraph(s) apply:

1. ☐ A search for records located in EOUSA has revealed no responsive records regarding the above subject.

2. **x** A search for records located in the United States Attorney's Office for the Northern District of Illinois has revealed no responsive records regarding the above subject.

3. ☐ After an extensive search, the records which you have requested cannot be located.

4. ☐ Records that might have been responsive to your request were destroyed pursuant to the agency's record retention and disposition schedules approved by the National Archives and Records Administration.

5. ☐ Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

      This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90

days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Patrick W. Johnson | Dirksen Federal Courthouse | Phone (312) 353-5327 |
| Assistant United States Attorney | 219 South Dearborn Street, Fifth Floor | |
| Deputy Chief, Civil Division | Chicago, Illinois 60604 | |

November 24, 2021

*By Electronic, Regular, and Certified Mail*

Jeff Pruyn
Itasca Village Mayor
550 West Irving Park Rd.
Itasca, Illinois 60143
mayor@itasca.com

Charles E. Hervas
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143
█████████████████████

      Re:    Investigation of Compliance with the Americans with Disabilities Act by the
             Village of Itasca, Illinois

Messrs. Pruyn and Hervas:

      We are writing to inform you that the U.S. Attorney's Office for the Northern District of Illinois has initiated an investigation of the Village of Itasca for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990 ("ADA").[1]  Among other things, the ADA prohibits discrimination against individuals with disabilities, including individuals with substance use disorder.

      Pursuant to our authority under the ADA, the investigation is related to the zoning application of Haymarket DuPage LLC ("Haymarket DuPage") filed with the Village of Itasca to use property to operate a treatment center for individuals with substance use and behavioral health disorders.  Specifically, Haymarket DuPage's application was considered in Plan Commission Case No. PC 19-014, which sought approval for a planned development by special use in order to permit a mixed-use residential and healthcare facility and other accessory uses in the B-2 Community Business District at 860 W. Irving Park Road.  The Itasca Plan Commission recommended on September 22, 2021 that the Haymarket DuPage application be denied, and the Itasca Village Board denied the application on November 2, 2021.

---

     [1] *See* 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35.  The text of the ADA, the Department of Justice's regulations, and many technical assistance publications can also be accessed at www.ADA.gov.

Messrs. Pruyn and Hervas
November 24, 2021
Page 2

We ask that you provide the following information within thirty (30) calendar days of the date of this letter. If any of the information requested is not available in writing, please provide corresponding documents, written policies, or other written material that addresses the substance of the information requested. This request falls within DOJ's federal law enforcement authority. Such authority creates exceptions to statutes that may otherwise limit disclosure of private information.

### Information Requested

1. The name, address, and telephone number of the individual to whom this office should direct any future questions and correspondence. Please indicate if this person has authority to negotiate a settlement of this matter.

2. Other than the Village's current Zoning Map and Bylaws, produce any previous zoning maps and bylaws in effect since 2016.

3. Any lists or other documents that contain the address and/or location of any business or organization in the Village that provides diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders.

4. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders since 2005. For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

5. State whether the Village has had any pre-application meetings or inquiries since 2005 (that did not result in an application) about using land in the Village to provide diagnosis, treatment, recovery support, or any other services to individuals suffering from substance use or mental health disorders. If so, identify when, where, and with whom those meetings occurred, and describe the type of facility being discussed and the outcome of those discussions.

6. Copies of any applications for site plan approval, special use permits, plan developments, certificates of completion, certificates of occupancy, rezoning, variances, amendments to the Village's Zoning Bylaws or Zoning Map, or similar applications to use land in the Village by or concerning any Healthcare Facility as defined under the Itasca Zoning Ordinance since 2005. For each such application, provide a statement of whether the application was approved or denied, the zoning district where the entity sought to locate, the date of such approval or denial, and the reasons for approval or denial.

7. Identify Village policies or procedures for requesting a reasonable accommodation to the Village's Zoning Ordinance pursuant to the federal Fair Housing Act or the Americans with Disabilities Act, and produce all documents that contain or are sufficient to show these policies or procedures.

Messrs. Pruyn and Hervas
November 24, 2021
Page 3

8.  All communications[2] and documentation related to the Village's 2019 decision to classify Haymarket DuPage as a planned development for purposes of zoning proceedings rather than a healthcare facility.

9.  All communications related to Haymarket DuPage between the Village of Itasca, its employees, representatives, or counsel (collectively, the "Village")[3] and either of the following two interested parties in the Haymarket DuPage Plan Commission hearing: (1) Itasca Fire Protection District, including its employees, representatives, or counsel (collectively, the "Fire Department"); or (2) Itasca School District No. 10, its employees, representatives, or counsel (collectively, "School District").  Responsive documents or communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

10. State whether there were any meetings or verbal communications related to Haymarket DuPage between the Village and either of the two interested parties listed in item 9 above that occurred outside of the hearing process and outside the presence of Haymarket DuPage.  If so, for each such meeting or communication, provide the date and location, identify the participants, and produce any recordings, documents, or notes.

11. All internal communications of the Village and documentation created by the Village related to Haymarket DuPage.

12. All communications and documentation related to Haymarket DuPage between the Village and Sarah Ketchum, including both consulting firms she worked for (The Kenrich Group LLC, which has been acquired by HKA Global, Inc.), or their counsel.  Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

13. All communications and documentation between the Village and Lissa Druss, directly or through counsel, related to Haymarket DuPage.  Responsive documents and communications that are publicly available on the Village website or that Haymarket DuPage was copied on need not be produced.

14. All communications and documentation between the Village and North DuPage Special Education Cooperative representatives or counsel related to Haymarket DuPage.

15. All communications and documentation between the Village and Lake Park High School District 108 representatives or counsel related to Haymarket DuPage.

16. All communications and documentation between the Village and Superior Ambulance Service representatives or counsel related to Haymarket DuPage.

---

[2] "Communications" in the requests in this letter means correspondence, notes, records, letters, memoranda, reports, emails (both work and personal), and texts (both work and personal), instant messages, posts on messaging apps, and other documents (including transcriptions, logs, and audio and video recordings).

[3] "Employees" and "representatives" used throughout this letter shall include both current and former employees/representatives.  "Representatives" includes any staff or experts hired or retained in connection with the Haymarket DuPage zoning hearing before the Plan Commission.

Messrs. Pruyn and Hervas
November 24, 2021
Page 4

17. State whether the Village has ever hired an expert to evaluate the economic impact of an application for a special use permit or a planned development since 2005. If so, produce all communications and documentation relating to any such expert and the work performed by the expert.

18. All communications and documentation relating to any application for a special use permit to operate a business, service, or organization that is nonprofit and exempt from paying property taxes, including but not limited to (1) American Academy of Pediatrics; (2) Gift of Hope Organ and Tissue; and (3) National Safety Council.

19. Identify all applications for a special use permit or a planned development since 2005 in which the Village requested that the applicant submit an economic impact statement as part of the application process. For each such application, produce all communications and documentation relating to the economic impact statement.

20. Identify all applications for a special use permit or a planned development since 2005 where the Fire Department participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the Fire Department's participation.

21. All documentation and information provided by the Fire Department to the Illinois State Fire Marshal related to mutual aid given to or received from other communities for the years 2014 to the present. State whether the Village ever asked for this information in connection with the Haymarket DuPage hearing.

22. Identify all applications for a special use permit or a planned development since 2005 where the School District participated by submitting documentation or statements to the Plan Commission. For any such application, produce all communications and documentation relating to the School District's participation.

We have attempted to limit the areas of inquiry to expedite the initial phase of this investigation, and we are willing to work with you to minimize any burdens that would be imposed upon you or your staff in providing this information.

In addition to providing us with the requested information, we invite you to provide us with any other information that you believe is relevant to our inquiry. We may want to interview certain Village employees, agents, or officials as well. We will let you know as soon as possible of any need to interview such persons.

Finally, we request that the Village maintain any and all records, documents, files, or tapes that could be relevant to this investigation in their current form. To the extent that such records are contained in a computer system, computer files should not be altered or destroyed pending completion of our investigation.

Messrs. Pruyn and Hervas
November 24, 2021
Page 5

     If you have any questions, please do not hesitate to contact me at (312) 353-5327 or patrick.johnson2@usdoj.gov.

                           Very truly yours,

                         JOHN R. LAUSCH, Jr.
                         United States Attorney

                         By: s/ Patrick W. Johnson
                            PATRICK W. JOHNSON
                            Assistant United States Attorney